## ESTATE OF THEORILDA C. PARK O'NEILL, DECEASED.

### [April 30, 1913.]

**Undue Influence.—To Show Such Undue Influence upon a Testatrix** as must invalidate the will, there must be a preponderance of evidence of such influence operating upon the very act of making the will, and the burden of proof is on the contestant.

Martin Stevens, for the contestant.

Edward Hohfeld, for the proponents.

COFFEY, J.   I have reviewed carefully the evidence and argument in this contest.   If there be any delay attributable to the court in decision, it has been because of desire to give due weight to every point presented on either side.   As the case seemed at the time of submission, the court said then that there was no evidence of improper execution, and no sufficient evidence of unsoundness of mind.

There was but one issue reserved, that is, undue influence; and to the testimony upon this issue the court has addressed its attention diligently with a view to arriving at an absolutely just conclusion upon the charges made by contestant. In the exercise of a liberal discretion the court allowed an amendment to plaintiff's pleading long after the trial had been in progress, so as to present fully and clearly all matters implicating respondent in the charge of unduly influencing testatrix in the testamentary transaction.

The court also gave a free rein to testimony tending to support this charge, believing that it would be better to relax the strict rules of evidence than to exclude inquiry as to facts and circumstances that might serve to demonstrate or to disprove the accusations made by contestant.

In all of this the court has sought to be indulgent because of a natural disposition to reach a judgment that would express the elemental idea of equity, the administration of law according to its spirit rather than its letter; but this dis-

position is restrained by the statutes and the decisions of the supreme tribunals which leave no leeway to the trial courts to depart from the rules prescribed for the conduct and consummation of controversies of this character.

If equity were an arbitrary attribute, then heed might be paid to the plaint that a will is not natural because one bound by blood and cherished by affection is discarded, while another is preferred; but the law says that a person of sound mind and free from undue influence may make an unnatural and even a cruel will.

Howsoever harsh this may be in the sense of natural equity, it is the adjudicated law; and if the testator has acted of his own free will, without undue influence operating upon the very act, the instrument must be sustained; and it is incumbent upon the contestant to prove by a preponderance of evidence that such influence was exerted. The contestant must bear the burden.

Suspicious circumstances, domestic dissensions, marital naggings, overheard conjugal quarrels, temporary estrangements when the wife would not speak to her husband for an hour at a time because he had not let her sleep at night, talking about property, insisting that she should do as he wanted, "she wanted peace at any price," according to counsel, and the price was making a will in his favor, and in her physical condition this was as much coercion as if he pointed a loaded revolver at her head to compel her to sign an instrument for the sake of peace, to secure rest, to obtain freedom from such importunities, with the hope, perhaps, with the reserved hope and thought, perhaps, in her mind, at the proper time, to undo all that at that time she was compelled to do.

"What were those quarrels about during those nights in Denver that resulted in their being not on speaking terms when they arose the next morning? What was the subject, if it was not property? There is no testimony as to any other subject."

This is from the argument of contestant's counsel.

Certainly the court cannot base a conclusion on such conjectural premises.

The court cannot frame findings of fact upon surmises as to what may have been the subject matter of the conversation between husband and wife after they had retired at night,

nor upon what somebody else imagined to be an importunity to make a will. Counsel says there is no testimony as to any other subject; but the question for the court is whether there is any legal affirmative evidence to that effect.

. Conceding that there may be some ground for the charge that he exercised influence upon her from time to time, the evidence of execution and the attendant circumstances and the other evidence as to antecedent incidents and facts, giving full weight to all the testimony for contestant, negative the assertion that the testament was procured by undue influence.

: The contestant has not established her case by a preponderance of evidence.

. The instrument should be admitted to probate as the will of decedent. .

Findings and judgment accordingly.